Filed 7/31/25  In re J.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | C101326 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.M.,<br><br>Defendant and Appellant. | (Super. Ct. No. JL21035) |

Minor J.M. admitted to allegations he committed attempted rape and lewd and lascivious acts on another minor.  The trial court placed the minor in a secured youth treatment facility (SYTF) and ordered him to register as a sex offender pursuant to Penal Code[1] section 290.008.  On appeal, the minor argues the trial court lacked the authority to

---

[1]  Further undesignated statutory references are to the Penal Code.

require him to register under section 209.008 and the record demonstrates he did not stipulate to the registration requirement. The People agree. We shall strike the registration requirement.

## BACKGROUND

In October 2021, the People filed a first amended juvenile wardship petition under Welfare and Institutions Code section 602, alleging the attempted rape of a minor N.M. (first allegation), lewd and lascivious acts on N.M. (second allegation), sodomy of N.M. (third allegation), and two allegations of annoying or molesting N.M. (fourth and fifth allegations). (§§ 664/261, subd. (a)(2), 288, subd. (b)(1), 286, subd. (c)(2)(B), & 647.6, subd.(a)(1).) The facts of the crimes are not relevant to our disposition of this appeal, so we shall dispense with them.

In April 2022, the minor agreed to admit to the allegations that he committed attempted rape and a lewd and lascivious act. The following exchange occurred during the plea colloquy:

"THE COURT: [A]s I understand it, . . . the proposed disposition would be that you would admit Counts 1 and 2 in the Petition. And then we would likely have to put off disposition to another day because we need a referral; is that correct?

"[MINOR'S COUNSEL]: Yes, your Honor, we would request that it be referred for dispositional report and recommendation.

"[¶] . . . [¶]

"THE COURT: Okay. All right. And [minor's counsel] after speaking with your client, is it his intention to admit Counts 1 and 2.

"[MINOR'S COUNSEL]: Counts 1 and 2 only, yes.

"THE COURT: And I know that you had expressed a concern in terms of registration. And your belief at this time is what as to registration?

"[MINOR'S COUNSEL]: Ten years under the new tiering system.

"THE COURT:· Ms. [Prosecutor]?

2

"[PROSECUTOR]: Yes, your Honor, that would reflect what Probation believes as well. [¶] And just to clarify, it's a minimum period of ten years, and then the Minor would have to petition to no longer have to register. It is not guaranteed at the end of that ten years he no longer has to register.

"THE COURT: But what we had discussed, [minor], was I think everybody here believes that you will do well in this program and that -- and that would be our expectation. [¶] And so unless there were some -- something where you didn't, and there were violations or something of that nature, or you left the program or did something that you shouldn't be doing, the expectation would be that the registration would stop at ten years. That's our hope and our belief, but we just can't make that promise because we don't know what these next ten years are going to look like. Do you understand?

"[MINOR]: Yes, ma'am."

The only other issues discussed at the plea hearing were potential future reviews and placements. Following the colloquy and advisement of rights, the minor admitted to the first and second allegations. The People moved to dismiss the remaining allegations, and the juvenile court granted this motion.

In June 2022, the juvenile court declared the minor a ward of the juvenile court and committed him to a Sonoma County Secure SYTF with a baseline term of four years and with a maximum term of confinement of nine years, six months, not to exceed the minor attaining the age of 25. The court also ordered the minor to register as a sex offender pursuant to "section 290.08."**2**

Prior to the 18-month review hearing in December of 2023, the minor raised the question of whether he was required to register as a sexual offender with his probation officer in light of *In re T.O.* (2022) 84 Cal.App.5th 252. At that hearing, the juvenile

---

**2** Given the context, we assume the juvenile court was referring to section 290.008 as section 290.08 refers to record retention policies for sexual registration documents.

court stated its recollection was that "the People had [previously] indicated and with the defense that if [the minor was] not required to register, that we would not have [the minor] register." Counsel for both parties were unable to add to the Court's recollection. Upon further discussion, the prosecutor stated, "it would be the position now of the District Attorney's office that we would want registration if it comports with the law and does not come in full conflict with the prior agreement, so I will be looking into it." Minor's counsel asked to see the transcripts from the prior hearings.

The issue of registration came before the court at three more hearings. At the first hearing, the minor's counsel suggested that the appropriate tier for registration in this case was five years. The prosecutor asked for more time to consider the information provided. At the second hearing, minor's counsel referenced *In re T.O.* again and indicated the juvenile court could not require the minor to register based on the charges and that he had not been sent to the Division of Juvenile Justice (DJJ). The prosecutor agreed that is what the case said but raised the question as to whether the case was retroactive. At the third hearing, the prosecutor argued that *In re T.O.* was not retroactive, and further that this registration requirement was not the product of the statute, but rather an agreement by the parties.

In April, 2024, after hearing from the parties, the juvenile court found that the requirement to register was part of the initial plea agreement and ordered the minor to register for a period of five years.

The minor filed a timely notice of appeal.

## DISCUSSION

The minor argues the trial court erred in requiring him to register both because that condition is not applicable to him under section 290.008, and he did not agree to any such condition. The People agree as do we.

In recent years, the Legislature has overhauled juvenile wardship law by closing the state's DJJ facilities and transferring jurisdiction over youthful offenders to counties,

4

with the stated purpose of ensuring minors are closer to their families and communities and receive age-appropriate treatment. (*In re Miguel C.* (2021) 69 Cal.App.5th 899, 907.)

Section 290.008 states in pertinent part: "Any person who, on or after January 1, 1986, is discharged or paroled from the Department of Corrections and Rehabilitation to the custody of which they were committed after having been adjudicated a ward of the juvenile court pursuant to Section 602 of the Welfare and Institutions Code because of the commission or attempted commission of any offense described in subdivision (c) shall register in accordance with the Act unless the duty to register is terminated pursuant to Section 290.5 or as otherwise provided by law." (§ 290.008 subd. (a).)

The plain language of this statute has been interpreted to mean that "[S]ection 290.008 'requires registration of juvenile wards only when they are discharged or paroled from the [DJJ] after having been committed for one of the enumerated offenses.' [Citation.] Courts have also construed the mandatory sex offender registration requirement to apply only to a minor committed to the DJJ. [Citations.] Further, the juvenile court does not have the authority to impose discretionary sex offender registration on juvenile offenders as it does with adult offenders." (*In re T.O.*, *supra*, 84 Cal.App.5th at p. 264.)

The People agree the juvenile court lacked authority to order the minor to register as a sex offender and that this portion of the order should be stricken. We agree with *In re T.O.* and conclude the sex offender registration portion of the disposition order must be stricken.

We further agree with the parties that nothing in the record demonstrates the registration requirement was a part of the negotiated plea agreement. Perhaps the most candid statement on this point was that of the juvenile court during the 18-month review hearing when the court said that the parties were relying upon the state of the law as to whether to require registration. If the law did not require registration, they would not

5

require it here.  That comports with our view of the record that the minor did not agree to this condition.

## DISPOSITION

The sex offender registration portion of the disposition is ordered stricken.  In all other respects, the judgment is affirmed.


/s/_____
Earl, P. J.


We concur:


/s/_____
Boulware Eurie, J.


/s/_____
Mesiwala, J.